RECEIVED

OCT 1 9 2026

BY MAIL

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI
DIVISION

| | | |
|---|---|---|
| Janet L. Austell | ) | |
| | ) | **Complaint for a Civil Case** |
| | ) | |
| | ) | Case No. |
| | ) | |
| | ) | Plaintiff request trial by jury: |
| v. | ) | ☑ Yes |
| | ) | |
| The United States Environmental Protection Agency and Lee Zeldin in the capacity of Administrator, | ) ) ) | |
| The United States Environmental Protection Agency Region 7 and Jim Macy, in the capacity as Regional Administrator, | ) ) ) | |
| The United States Environmental Protection Agency and Sean Donahue in the capacity of General Counsel, | ) ) ) | |
| The Federal Highway Administration and Kevin Ward, the capacity of Division Administrator, | ) ) ) | |
| The Missouri Highways and Transportation Commission & the Board of Commissioners in the capacity of Board Members, | ) ) ) | |
| The Missouri Department of Transportation and Ed Hassinger, in the capacity as Director | ) ) ) ) | |

# CIVIL COMPLAINT

*NOTICE:*

*Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date, the full name of a person known to be a minor, or a complete financial account number. A filing may include only: the last four digits of a social security number, the year of an individual's birth, a minor's initials, and the last four digits of a financial account number.*

*Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.*

*In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed without prepaying fees or costs.*

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Janet L. Austell |
| Street Address | 1149 Orchard Lakes Drive |
| City and County | St. Louis, St. Louis County |
| State and Zip Code | Missouri 63146 |
| Telephone Number | (314) 737-2904 |
| E-mail Address | jaustell@icloud.com |

**B. The Defendants**

**Defendant No. 1**

| | |
|---|---|
| Name | The United States Environmental Protection Agency, and Lee Zeldin, in his capacity as Administrator of the United States Environmental Protection Agency |
| Job or Title | Administrator of the United States Environmental Protection Agency |
| Street Address | 1200 Pennsylvania Avenue, Mail Code 1101A |
| City and County | Washington, N.W. |
| State and Zip Code | District of Columbia 20460 |
| Telephone Number | (202) 272-0165 |
| E-mail Address | Zeldin.Lee@epa.gov |

**Defendant No. 2**

| | |
|---|---|
| Name | The United States Environmental Protection Agency Region 7, and Jim Macy, in his capacity as Regional Administrator of the United States Environmental Protection Agency Region 7 |
| Job or Title | Regional Administrator for Region 7 |
| Street Address | 11201 Renner Boulevard |
| City and County | Lenexa, Johnson County |
| State and Zip Code | Kansas 66219 |
| Telephone Number | (913) 551-7006 |
| E-mail Address | macy.jim@epa.gov |

**Defendant No. 3**

| | |
|---|---|
| Name | The United States Environmental Protection Agency, and Sean Donahue, in h General Counsel of the United States Environmental Protection Agency General Counsel |
| Job or Title | General Counsel of the United States Environmental Protection Agency |
| Street Address | 1200 Pennsylvania Avenue, Mail Code 1101A |
| City and County | Washington, N.W. |
| State and Zip Code | District of Columbia 20460 |
| Telephone Number | (202) 564-7153 |
| E-mail Address | donahue.sean@epa.gov |

**Defendant No. 4**

| | |
|---|---|
| Name | The Federal Highway Administration, and Kevin Ward, in his capacity as Division Administrator of the Federal Highway Administration |
| Job or Title | Division Administrator of the Federal Highway Administration (Missouri Division) |
| Street Address | 3220 W. Edgewood, Suite H |
| City and County | Jefferson City, Cole County |
| State and Zip Code | Missouri 65109 |
| Telephone Number | (573) 636-7104 |
| E-mail Address | Missouri.FHWA@dot.gov |

**Defendant No. 5**

| | |
|---|---|
| Name | The Missouri Department of Transportation, and Ed Hassinger, in his capacity as Director of the Missouri Department of Transportation |
| Job or Title | Director of the Missouri Department of Transportation |
| Street Address | 105 W. Capitol Avenue |
| City and County | Jefferson City, Cole County |
| State and Zip Code | Missouri 65102 |
| Telephone Number | (573) 751-3322 |
| E-mail Address | leadership@modot.mo.gov |

**Defendant No. 6**

| | |
|---|---|
| Name | The Missouri Highways and Transportation Commission, and the Board of Commissioners |
| Job or Title | Commissioners / Governing Commission |
| Street Address | P.O. Box 270 |
| City and County | Jefferson City, Cole County |
| State and Zip Code | Missouri 65102 |
| Telephone Number | (573) 751-2551 |
| E-mail Address | MHTC@modot.mo.gov |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only three types of cases can be heard in federal court. Provide the information for this case. *(Include all information that applies to your case)*

### A. Federal question

This action arises under the laws of the United States. Plaintiff brings this civil action pursuant to the citizen suit provisions of the Noise Control Act, 42 U.S.C. §§ 4911(a) and (b), and seeks judicial review under the Administrative Procedure Act (APA), 5 U.S.C. §§ 702 and 706, regarding agency actions and failures to act under the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 et seq., and federal highway noise standards. This Court has subject-matter jurisdiction over these federal questions pursuant to 28 U.S.C. § 1331.

### B. Suit Against the Federal Government, Federal Officials, or Federal Agencies

The following federal agencies and federal officials are named as defendants:

- The United States Environmental Protection Agency (EPA)
- Lee Zeldin, Administrator of the EPA
- Jim Macy, Regional Administrator of EPA Region 7
- Sean Donahue, General Counsel of the EPA
- The Federal Highway Administration (FHWA)
- Kevin Ward, Division Administrator of the FHWA

### C. Diversity of Citizenship

Not applicable. Jurisdiction is grounded on a Federal Question pursuant to 28 U.S.C. § 1331.

## III. Background

### Orchard Lakes Subdivision Background Information

The Orchard Lakes Subdivision (OLS) in 2026 is composed of about 248 homes and vacant lots. The OLS first recorded survey is from around 1958 and originally included a planned 130 lots in Orchard Lakes Plat 1 (OL Plat 1) for single-family residential homes. By the end of 1961, a significant number of residential homes in OLS Plat 1 were completed. Ending in 1966, more plats were added to the subdivision plan, called Orchard Lakes Addition (OLA) Plat 1. The planning and building of nine (9) additional planned homes were included in OLA Plat 1 and were completed by the end of 1966. OLA Plat 2 through OLA Plat 7 added more lots for residential plats to the subdivision plan before the end of **1967**.

The OLS predates the modern-day six-lane I-270 freeway. After 1965, the Interstate Highway (I-244) was created bordering the OLS as a four-lane freeway, two lanes in each direction. I-244 was originally planned in 1958 as a twenty-mile highway between I-55 and I-70 with two lanes in each direction. A segment of I-244 was completed around 1966. In 1961, 130 residential properties of the planned OLS had a significant number of the originally planned homes built and occupied. I-244 underwent major changes and expansions over the years. On June 25, 1974, the American Association of State Highway and Transportation Officials (AASHTO) gave approval for the re-designation of I-244, becoming I-270. I-270 officially came into existence on June 25, 1974.

## IV. Statement of Claim

*(In compliance with court instructions, the following is a short and plain statement of the facts supporting Plaintiff's claims, setting forth what happened, when it happened, where it happened, the injuries suffered, and what each defendant personally did or failed to do, without legal arguments, case citations, or statutes.)*

1. **Location and Exposure:** Plaintiff Janet L. Austell is a septuagenarian who has owned and resided in her single-family home at 1149 Orchard Lakes Drive, in the Orchard Lakes Subdivision of unincorporated St. Louis County, Missouri 63146, since October 1984. Plaintiff's residential backyard directly borders the right-of-way of Interstate 270 (I-270) between Olive Boulevard and Page Avenue, centered near highway mile marker sign Exit 16. The Orchard Lakes Subdivision is an established residential neighborhood originally surveyed in 1958 and substantially constructed between 1958 and 1966, predating the construction of modern I-270. In 2020, Plaintiff retired, increasing the time she spends at her home from approximately 12 hours a day to nearly 24 hours a day.

2. **Highway Expansion and Escalation of Harm:** When Plaintiff purchased her home in 1984, the highway bordering her property was situated farther from her property line, carried substantially lower traffic volumes, had fewer heavy commercial freight vehicles, operated at lower speed limits, and produced manageable sound levels. Over subsequent decades, through a series of separate construction projects, Defendant Missouri Department of Transportation (MoDOT) and Defendant Federal Highway Administration (FHWA) physically expanded I-270, widening the roadway, adding auxiliary and through traffic lanes, reconfiguring overpasses and ramps, and shifting lanes closer to Plaintiff's property. Specifically, between approximately 2004 and 2012, MoDOT and FHWA added an additional traffic lane to I-270 between Olive Boulevard and Page Avenue, directly adjacent to Plaintiff's backyard.

3. **Denial of Noise Abatement and Disparate Treatment:** Highway noise affecting Plaintiff's property escalated dramatically following these lane additions and the construction of the Page Avenue Extension flyover ramps. While neighboring residents submitted noise complaints to MoDOT as early as September 2006, October 2007, and April 2009 seeking sound mitigation, MoDOT summarily denied all requests. Concurrently, between 2009 and 2011, MoDOT conducted a formal traffic noise study (Project J6U1045B) and constructed an exterior sound abatement wall for the Dawn Valley Subdivision in Maryland Heights, Missouri, located immediately north of Page Avenue. Dawn Valley is located approximately two miles from Plaintiff's residence and shares identical proximity and environmental exposure to I-270 and the Route 364 interchange. MoDOT and FHWA provided Dawn Valley residents with noise modeling, field measurements, and balloting for a sound wall, but completely omitted Plaintiff's property and the Orchard Lakes Subdivision from any noise evaluation or abatement.
4. **Extreme Noise Levels and Physical Injuries:** On July 2, 2025, Plaintiff conducted a four-hour acoustic monitoring recording from her backyard patio. The recorded data documented a continuous equivalent sound level (LAeq) of 96.5 decibels and a peak sound pressure level (LCpeak) reaching 138.3 decibels, far exceeding safe environmental thresholds and occupational limits. On August 11, 2025, KMOV television news conducted an on-site broadcast from Plaintiff's backyard, recording and publicly broadcasting continuous highway noise levels consistently exceeding 66 decibels.
5. **Physical, Property, and Economic Injuries:** As a direct result of continuous, unmitigated noise and vehicle emissions:
   a. Plaintiff experienced severe chronic pain, persistent fatigue, sleep deprivation, and dizziness starting in approximately January 2025.
   b. In early 2025, Plaintiff was medically diagnosed with hypertension requiring ongoing medical management and prescription medications.

c. In late 2025, Plaintiff was medically diagnosed with severe, irreversible bilateral hearing loss, with medical specialists prescribing bilateral hearing aids.

d. Plaintiff has suffered a total loss of the quiet use and enjoyment of her backyard, patio, and outdoor living areas, rendering them unusable due to deafening noise and ground-level exhaust fumes.

e. Plaintiff has suffered substantial economic damage, including diminished residential property value and significant out-of-pocket medical expenses for specialist care, audiological testing, and hearing devices.

6. **Personal Acts and Failures to Act by Defendant Missouri Department of Transportation (MoDOT):** MoDOT planned, designed, and constructed the continuous expansions, auxiliary lanes, and interchange ramps on I-270 adjacent to Plaintiff's home without performing a noise study or environmental review for her segment of the highway. MoDOT intentionally divided I-270 construction into separate project segments (including jobs 610624, J6I3011, J6I3012, and J6U1045B) to avoid conducting comprehensive noise analysis for the residential segment between Olive Boulevard and Page Avenue. MoDOT provided a sound study and wall to the Dawn Valley Subdivision while refusing to evaluate or mitigate noise for Plaintiff's neighborhood, and refused to permit Plaintiff and her neighbors to vote on a sound barrier.

7. **Personal Acts and Failures to Act by Defendant Ed Hassinger (Director of MoDOT):** Defendant Ed Hassinger serves in an official and managerial capacity as Director of MoDOT. On May 15, 2025, Plaintiff mailed a formal complaint and petition containing over 900 resident signatures to Defendant Hassinger, requesting highway noise mitigation. On June 2, 2025 (received June 8, 2025), Defendant Hassinger personally signed and issued a written response denying Plaintiff's request in less than 25 days. Defendant Hassinger rejected the request on the ground that MoDOT does not participate in Type II noise abatement programs, despite Plaintiff having requested general

mitigation and despite ongoing Type I highway projects in the corridor. Defendant Hassinger failed to order any on-site noise measurements, failed to conduct any investigation, and failed to take corrective action. Furthermore, Defendant Hassinger received Plaintiff's certified 60-Day Notice of Intent to Sue mailed on May 18, 2026, and failed to respond or take any remedial measures.

8. **Personal Acts and Failures to Act by Defendant Missouri Highways and Transportation Commission and Board of Commissioners:** The Commission and its governing Board of Commissioners hold ultimate policy, budgeting, and administrative decision-making authority over MoDOT. The Commission authorized and funded multiple capital improvement and lane addition projects along I-270 while excluding noise mitigation for Plaintiff's community. On May 18, 2026, Plaintiff served a formal 60-Day Notice of Intent to Sue upon the Commission by certified mail. The Commission and its Commissioners failed to order an environmental review, failed to direct MoDOT to conduct a sound study, failed to provide remedial funding, and failed to respond to Plaintiff's notice.

9. **Personal Acts and Failures to Act by Defendant Federal Highway Administration (FHWA):** FHWA approved federal funding, plans, and technical authorizations for the expansion of I-270 and the Route 364 Page Avenue Flyover ramps. FHWA permitted MoDOT to segment highway projects into isolated project numbers, which bypassed unified environmental and noise review for the segment bordering Plaintiff's home. FHWA failed to publish any environmental assessment, noise study, or notice in the Federal Register regarding the additional lanes added between Olive Boulevard and Page Avenue.

10. **Personal Acts and Failures to Act by Defendant Kevin Ward (Division Administrator of FHWA):** Defendant Kevin Ward serves in an official capacity as the Division Administrator of the FHWA Missouri Division office in Jefferson City, Missouri, with supervisory responsibility over federal highway programs and environmental compliance in Missouri. Plaintiff submitted formal complaints to FHWA in June 2025 and again on

January 20, 2026. On February 2, 2026, FHWA staff under Defendant Ward's direction issued an administrative response stating that MoDOT does not participate in a Type II program, summarily closing Plaintiff's inquiry without investigating the excessive noise levels. On March 16, 2026, Plaintiff mailed a formal 60-Day Notice of Intent to Sue directly to Defendant Ward by certified USPS mail. Defendant Ward failed to investigate Plaintiff's recorded noise levels, failed to require MoDOT to perform a noise study, failed to take any supervisory corrective action, and failed to respond to the notice.

11. **Personal Acts and Failures to Act by Defendant United States Environmental Protection Agency (EPA):** The EPA failed to monitor, review, or evaluate the noise impacts and air quality consequences of repeated I-270 highway expansions bordering Plaintiff's residence. The EPA failed to identify I-270 traffic as a major noise source affecting the Orchard Lakes community and failed to inform affected residents of the severe health hazards associated with continuous exposure exceeding 66 decibels.

12. **Personal Acts and Failures to Act by Defendant Lee Zeldin (Administrator of the EPA):** Defendant Lee Zeldin serves in an official capacity as Administrator of the EPA, with ultimate agency responsibility for federal noise control coordination and environmental risk oversight. In June 2025, Plaintiff submitted a formal complaint to the EPA Hotline and the Office of Enforcement and Compliance Assurance (OECA). On March 16, 2026, Plaintiff mailed a formal 60-Day Notice of Intent to Sue directly to Defendant Zeldin at EPA headquarters by certified USPS mail. Defendant Zeldin failed to review the documented acoustic hazard, failed to direct an environmental investigation, failed to exercise oversight over the highway projects, and failed to respond to Plaintiff's notice.

13. **Personal Acts and Failures to Act by Defendant Jim Macy (Regional Administrator of EPA Region 7):** Defendant Jim Macy serves in official executive capacity as Regional Administrator of EPA Region 7, with direct supervisory jurisdiction over the State of Missouri. Defendant Macy received Plaintiff's formal complaints submitted in June 2025

and the certified 60-Day Notice of Intent to Sue mailed on March 16, 2026. Defendant Macy failed to initiate any regional air or noise monitoring, failed to coordinate with FHWA or MoDOT regarding mitigation for Plaintiff's residential neighborhood, and failed to answer Plaintiff's correspondence or notice.

14. **Personal Acts and Failures to Act by Defendant Sean Donahue (General Counsel of the EPA):** Defendant Sean Donahue serves in an official capacity as General Counsel of the EPA. On March 16, 2026, Plaintiff mailed a formal 60-Day Notice of Intent to Sue directly to Defendant Donahue by certified USPS mail, detailing the ongoing noise hazards and non-compliance with statutory obligations. Defendant Donahue failed to take any administrative, supervisory, or legal corrective action to ensure agency compliance, and failed to respond to Plaintiff's notice.

## V. Relief

State briefly and precisely what damages or other relief you want from the Court. Do not make legal arguments.

**Plaintiff respectfully requests that this Court grant the following relief:**

1. **Injunctive and Equitable Relief:**

   a. Order Defendants to immediately perform a comprehensive environmental noise study and air quality assessment for residential properties bordering I-270 between Olive Boulevard and Page Avenue;

   b. Order Defendants MoDOT, MHTC, and FHWA to design, fund, and construct a permanent highway noise abatement barrier (sound wall) along the east right-of-way of I-270 bordering Plaintiff's property and the Orchard Lakes Subdivision, engineered to reduce exterior day-night sound levels below the federal residential threshold of 66 decibels;

   c. Order Defendants to evaluate and implement traffic management and emission reduction measures along this corridor to bring ground-level air pollutants and noise to scientifically established safe levels.

2. **Compensatory and Actual Damages:**

   a. Award Plaintiff actual damages in an amount sufficient to fully reimburse all past out-of-pocket medical expenses incurred since January 2025 for the diagnosis and treatment of hypertension, audiological evaluations, and bilateral hearing aids;

   b. Award Plaintiff damages to cover future medical expenses, including lifetime maintenance and replacement of bilateral hearing devices, specialized care, and prescription medications for hypertension;

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 14 day of October, 20 26.

Signature of Plaintiff(s) Janet L. Austell

Janet L. Austell Pro Se.